# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PROFESSOR CHARLES DIRKS, YESENIA FRANCO, AND JESSE MARTINEZ, | CASE NO. CV07-2664 GAF (FMOx) |
| | Assigned to Judge Gary A. Feess |
| Plaintiff, | Action Filed: 4/23/07 |
| v. | **[PROPOSED] PROTECTIVE ORDER** |
| COUNTY OF LOS ANGELES, Los Angeles County Sheriff LEE BACA in his personal capacity, Sgt. JOE GRASSO, Sgt. ANDREW MAGALLERIES, Deputy MICHAEL MCCARTY, Security Officer ROXANNE CHAVEZ, Deputy BARKER, Security Officer KIMBERLY MELANDY, and DOES 1-10 individually and in their official capacities | Trial Date:           12/15/08 |
| Defendants. | |

IT IS HEREBY ORDERED as follows:

1.  That the information contained in the documents or items produced by defendant COUNTY OF LOS ANGELES in response to plaintiff YESENIA FRANCO's Requests for Production, Set One, and any other discovery requests may contain privileged, proprietary and/or confidential official information and/or

[Proposed] Protective Order.doc

information.  Specifically, this protective order protects the following documents defendant COUNTY OF LOS ANGELES will produce to plaintiff YESENIA FRANCO:

    a.    Portion of the personnel records of Defendant SGT. GRASSO which show all complaints and investigations into complaints against him for negligence, excessive force, false arrest, false imprisonment, violation of civilian's 4th and 1st Amendment civil rights, conduct unbecoming of an officer, or rude, discourteous conduct for the period of ten years prior to the date of the incident to the present.

    b.    Portion of the personnel records of Defendant SGT. MAGALLANES which show all complaints and investigations into complaints against him for negligence, excessive force, false arrest, false imprisonment, violation of civilian's 4th and 1st Amendment civil rights, conduct unbecoming of an officer, or rude, discourteous conduct for the period of ten years prior to the date of the incident to his date of retirement.

    c.    Portion of the personnel records of Defendant DEPUTY MCCARTY which show all complaints and investigations into complaints against him for negligence, excessive force, false arrest, false imprisonment, violation of civilian's 4th and 1st Amendment civil rights, conduct unbecoming of an officer, or rude, discourteous conduct for the period of ten years prior to the date of the incident to the present.

    d.    Portion of the personnel records of Defendant DEPUTY BAKER which show all complaints and investigations into complaints against him for negligence, excessive force, false arrest, false imprisonment, violation of civilian's 4th and 1st Amendment civil rights, conduct unbecoming of an officer, or rude, discourteous conduct for the period of five years prior to the date of the incident to the present.

    These documents shall not be divulged:  (1) to any expert witness retained by

1. the non-producing party or its attorney who has not agreed in writing to be bound by this Order; and (2) to any third party who is not directly involved in the above-entitled action, without the written consent of the parties or the attorneys of the parties or further order of this Court.

2. That working copies or file copies of documents or items containing such privileged, proprietary and/or confidential information produced pursuant to the Protective Order during discovery can be made for: (1) the attorneys (including paralegals, law clerks or other support personnel necessary for preparation of the case) for the parties; (2) the parties themselves; (3) experts retained by the opposing party who have agreed in writing to be bound by this Protective Order; or (4) other persons agreeing in writing to be bound by this Protective Order.  These copies are to be used exclusively in connection with the above-captioned action.  Any copies or other methods of reproduction of the documents or items made pursuant to this Order shall be stored and/or handled by the above-listed persons in a manner which will prevent the unauthorized disclosure thereof.

3. The documents or items containing such privileged, proprietary and/or confidential information pursuant to this Protective Order which pertain information exchanged in discovery and other proceedings before the magistrate judge and are used as deposition exhibits, or in other discovery and/or pre-trial motions involving discovery, shall be marked "privileged and confidential."  A deposition transcript or portion thereof filed or lodged with the court in connection with discovery and other proceedings before the magistrate judge containing proprietary and/or confidential information or items as an exhibit shall be filed and/or lodged under seal pursuant to paragraph 5.

4. That documents containing privileged, proprietary and/or confidential information or items pursuant to this Protective Order shall not be used by the parties hereto for any purpose whatsoever other than for preparation for trial and/or trial of the above-captioned action.

1       5. That if any of the documents designated as privileged, proprietary
2 and/or confidential pursuant to this Protective Order which pertain to information
3 exchanged in discovery and other proceedings before the magistrate judge and/or
4 filed and/or lodged with the court, counsel for the respective parties are directed to
5 file and/or lodge such documents pursuant to Local Rule 79-5 of the United States
6 District Court, Central District of California.

7       6. That each expert, agent, representative or consultant who is permitted
8 by any attorneys for the parties to view, examine, scan or otherwise inspect the
9 documents containing privileged, proprietary and/or confidential information and
10 items pursuant to this Protective Order shall agree in writing to be bound by the
11 Protective Order. A copy of this Protective Order shall also be delivered to each of
12 the above-listed persons by the attorneys for the parties.

13       7. That no party to this action, attorneys for the parties (including law
14 clerks, paralegals or other support personnel necessary for preparation for the trial
15 and/or trial), experts retained by the parties or the attorneys for the parties, agents,
16 and representatives of the parties, will make copies or other types of reproductions,
17 other than working copies or file copies for the persons described in paragraph 2, of
18 a document or item containing proprietary and/or confidential information made or
19 produced pursuant to this Protective Order.

20       8. That all documents or items produced by the parties pursuant to this
21 Protective Order, and any copies, lists or summaries thereof, shall be returned to the
22 party who produced such documents or items after trial and/or other final resolution
23 of the above-entitled action, unless these documents or items are introduced as
24 evidence or exhibits at the time of trial.
25 / / /
26 / / /
27 / / /
28 / / /

1        9.    That documents or items containing privileged, proprietary and/or
2  confidential information produced pursuant to this Protective Order apply to
3  information exchanged in discovery and other proceedings before the magistrate
4  judge only.

6        APPROVED AND SO ORDERED:

8  Dated: July 21, 2008                  _____
                                      UNITED STATES DISTRICT JUDGE